**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-22-30-SLP |
| ) | |
| LUCAS McQUADE BIGGS, ) | |
| ) | |
| Defendant. ) | |

**O R D E R**

Before the Court is Defendant's pro se Motion [Doc. No. 49] pursuant to which he seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines (U.S.S.G.). The Government has filed a Response [Doc. No. 52] and opposes the requested relief. The Court has further reviewed the Probation Office's Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 [Doc. No. 50]. For the reasons that follow, Defendant's Motion is DISMISSED.

**I.    Background**

On April 7, 2022, Defendant pled guilty to robbing a bank, in violation of 18 U.S.C. § 2113(a). *See* Doc Nos. 35-37. On September 1, 2022, the United States Probation Officed filed its Final Presentence Investigation Report (PSR). Doc. No. 39. The PSR calculated a base offense level of 20, plus a two-level enhancement because the property of a financial institution was taken. *Id*., ¶¶ 19-20. This resulted in an adjusted offense level of 22. *Id*., ¶ 24. After a three-level reduction for acceptance of responsibility, the total

offense level was 19. *Id*., ¶¶ 26-28.

The PSR calculated a total criminal history score of seven. *Id*., ¶ 43. Defendant did not receive any status points for committing the offense while under a criminal justice sentence. Defendant's criminal history score placed him in a criminal history category of IV. *Id*., ¶ 44. Combining Defendant's total offense level of 19 and criminal history category of IV, the PSR recommended a guideline range of 46 to 57 months' imprisonment. *Id*., ¶ 91.

On October 19, 2022, the Court adopted the PSR without any changes that affected the guideline range. Doc. No. 48 at 1. The Court then sentenced Defendant to 46 months' imprisonment. Doc. Nos. 46, 47 at 2.

Defendant subsequently filed the pending Motion. He seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) based on Amendment 821.

**II.    Governing Standard**

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). One source of statutory authorization is section 3582 which allows for a possible reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Section 3582(c)(2) "establishes a two-step inquiry." *Dillon v. United States*, 560 U.S. 817, 826 (2010). "At step one, § 3582(c)(2) requires the court to follow the Commission's instructions in [U.S.S.G.] § 1B1.10 to determine the prisoner's eligibility

for a sentence modification and the extent of the reduction authorized." *Id*. at 827. "At step two of the inquiry, § 3582(c)(2) instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." *Id*.

Here, Defendant seeks a sentence reduction pursuant to Amendment 821 to the U.S.S.G. which took effect on November 1, 2023, and applies retroactively. Part A of Amendment 821 limits the criminal history impact of "status points," and Subpart 1 of Part B of Amendment 821 creates a new guideline, § 4C1.1, that provides for a decrease of two offense levels for "Zero-Point Offenders." *See* U.S. Sent'g Guidelines Manual app. C Supp., amend. 821 (U.S. Sent'g Comm'n 2023). With respect to the guideline for zero-point offenders, a defendant is eligible for a two-level reduction in the offense level if he or she meets all ten of the listed criteria.[1]

---

[1] Those ten criteria are:
> (1) the defendant did not receive any criminal history points from Chapter Four, Part A;
> (2) the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
> (3) the defendant did not use violence or credible threats of violence in connection with the offense;
> (4) the offense did not result in death or serious bodily injury;
> (5) the instant offense of conviction is not a sex offense;
> (6) the defendant did not personally cause substantial financial hardship;
> (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
> (8) the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);
> (9) the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

### III. <u>Analysis</u>

As set forth, Defendant had a total of seven criminal history points. PSR, ¶¶ 37-38. And he did not receive any status points for committing the offense while under a criminal justice sentence. Thus, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) and either Part A or Part B of Amendment 821.

### IV. <u>Conclusion</u>

For the reasons set forth, the Court lacks jurisdiction to reduce Defendant's sentence. *See United States v. White*, 765 F.3d 1240, 1242 (10th Cir. 2014) ("[D]ismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition of [defendant's] § 3582(c)(2) motion.").

IT IS THEREFORE ORDERED that Defendant's pro se Motion [Doc. No. 49] is DISMISSED.

IT IS SO ORDERED this 15th day of November, 2024.

*[signature]*

SCOTT L. PALK
UNITED STATES DISTRICT JUDGE

---

(10) the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848 . . . .

U.S.S.G. § 4C1.1(a).

5